IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES SHORE** | NO. 2:21-CV-03152-JHS |
| *Plaintiff,* | |
| vs. | CIVIL ACTION |
| **ACE LIMOUSINE AND AIRPORT SERVICE, LLC** | |
| *Defendant.* | |

**STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

Plaintiff James Shore ("Plaintiff") and Defendant Ace Limousine and Airport Service, LLC ("Defendant"), by their respective counsel, hereby stipulate and agree as follows:

1. For purposes of this Stipulated Confidentiality Agreement, Protected Confidential Information means only (1) personnel information related to Defendant's current, former, or potential employees, (2) Defendant's trade secret information, and (3) Defendant's non-public financial information and/or business records.

2. When any party produces or provides documents at any time during the above-captioned litigation and reasonably believes that such documents contain Protected Confidential Information (as defined above), the party shall stamp all such documents with the word "Confidential" and such documents shall thereafter be protected under this Stipulated Confidentiality Agreement. Stamping such a legend on the cover of any multi-page document shall so designate all pages of such document unless otherwise indicated by the designating party.

3. The inadvertent production of any responsive document, material, or information without the "Confidential" designation shall not operate as a waiver of its confidential status under this Stipulated Confidentiality Agreement, so long as any such inadvertent production is brought to the attention of opposing counsel by counsel for the party designating such document, material or information as "Confidential" promptly after discovery of the inadvertent failure to so designate at the time of production.

4. If any party wishes to use any deposition testimony concerning documents, material, or information designated as Confidential, the portion of the deposition transcript which relates to such documents, material or information shall be designated and treated as Confidential and subject to the confidentiality provisions hereof.

5. Documents, material or information (including portions of deposition transcripts) received from a producing party and designated as Confidential, or information derived therefrom (collectively "Confidential Information"), may be disclosed or made available by the party receiving the Confidential Information (or their respective counsel) only to the following:

    A. Plaintiff, Defendant, and any agents or employees of Defendant (current or former) with whom Defendant's counsel believes the information is necessary to share;

    B. The Court and its personnel;

    C. Counsel of record and the attorney(s), paralegal(s), and clerical and secretarial staff employed by them;

    D. Court reporters, stenographers, or videographers utilized in this litigation;

    E. Any expert or consultant engaged or consulted in this action; and

    F. Any other person as agreed upon by the parties or ordered by the Court.

6. All Confidential Information received in this case shall be used by the person(s) receiving it only for the purposes of preparing for and conducting this litigation.

7. Prior to filing any pleadings, motions or other papers with the Court that disclose any Confidential Information, the filing party shall, at least seven days prior to such filing, provide the party who produced the Confidential Information at issue with notice of its intent to do so. If the parties are not able to reach agreement, after engaging in good faith negotiation, as to whether such information should be filed under seal and/or redacted prior to filing, the party seeking to file the Confidential Information shall do so under seal, without prejudice to the non-filing party's ability to request that the Court order that such document be re-filed as not "under seal." Where possible, only confidential portions of filings with the Court shall be filed under seal. The parties shall follow the Court's procedures related to any request to file document(s) under seal.

8. If at trial any non-disclosing party attempts to introduce into evidence or use in cross-examination Confidential Information, whether a document, deposition testimony or otherwise, the producing party may request that the Court preserve the confidentiality of that Confidential Information to the extent and by the means the Court deems necessary and appropriate. Use of Confidential Information at trial shall not destroy, or waive, the confidential nature of such information.

9. Upon termination of this action, including all appeals, the parties shall destroy or return to opposing counsel all documents or material designated as Confidential Information which were received from the disclosing party, and all copies thereof (including such copies as may have been marked as deposition exhibits and/or exhibits to any motion, pleadings or other court documents); provided, however, that counsel for the parties shall be permitted to keep work product referencing or containing Confidential Information on an attorneys' eyes only confidential basis.

10. Nothing in this Stipulated Confidentiality Agreement shall prevent any party from asking the other parties, or if necessary applying to the Court, for any additional protection with respect to the confidentiality of documents, material or information (including an "attorneys'

3

eyes only" designation), or for the right to utilize the Confidential Information in any way not contemplated herein, as any party may consider appropriate.

11. In the event that a party has an objection to a Confidential designation, counsel for the objecting party shall notify opposing counsel in writing of the objection and the basis therefor. If the parties cannot resolve the dispute among themselves, then within 10 business days of written confirmation that the parties cannot resolve such dispute, the party that objects to the Confidential designation will present the dispute to the Court or waive his or its objection to the Confidential designation. During the pendency of any such motion or other process by which the Court considers the dispute, the document or information in question shall be treated as Confidential Information and subject to the provisions of this Agreement.

12. In the event of a breach of this Agreement, the non-breaching party shall be entitled to pursue any available remedy at law or equity.

13. Nothing contained herein shall be construed as a waiver by the parties of the attorney-client privilege, attorney work product doctrine, or any other applicable privileges or duties. The parties agree that should issues relating to these duties and/or privileges arise, they will meet and confer to discuss the particular disclosure sought and, in any event, retain the right to present the issue to the Court for resolution.

14. Once executed by the parties, this Agreement shall be binding on them as a matter of contract, irrespective of whether and when the Court also executes the Agreement.

15. The Court retains the right to allow disclosure or modification of any subject covered by this Stipulated Confidentiality Agreement at any time in the interest of justice.

| | |
|---|---|
| By:   *s/ W. Charles Sipio*<br>W. Charles Sipio, Esq.<br>Csipio@karpf-Law.Com<br>Allison Aileen Barker, Esq.<br>Abarker@karpf-Law.Com<br>Ari Risson Karpf, Esq.<br>Akarpf@karpf-Law.Com<br>KARPF, KARPF & CERUTTI, P.C.<br>3331 Street Road<br>Two Greenwood Square, Suite 128<br>Bensalem, PA 19020<br>Ph: (215) 639-0801<br>*Attorneys for Plaintiff* | *s/ Michael E. Bonner*<br>Michael E. Bonner, Esq.<br>MBonner@daileyllp.com<br>Jacqueline M. Woolley, Esq.<br>JWoolley@daileyllp.com<br>DAILEY LLP<br>218 W. Front Street<br>Media, PA 19063<br>Ph: (610) 536-6110<br>*Attorneys for Defendant* |

**SO ORDERED:**

/s/Joel H. Slomsky, J.
_____
The Honorable Joel H. Slomsky,
Senior U.S.D.J.

Dated:   1/24/2022